IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **BOBBY HAZEL,**       ) | |
|         Petitioner,            ) | |
|                                       ) | Civil Action No. 1:97cv633 |
|         v.                            ) | |
|                                       ) | Criminal No. 1:93cr62 |
| **UNITED STATES OF AMERICA**  ) | |
|         Respondent.          ) | |

## ORDER

The matter is before the Court on petitioner Bobby Hazel's *pro se* "Independent Action to Have the Judgment in a Criminal Case or in the Alternative for Relief from the Order's [sic] Denying the Motion Pursuant to Title 28 U.S.C. Section § 2255 to be Reopening [sic]." Both petitioner and the government have fully briefed the issues raised in petitioner's motion and the matter is now ripe for disposition. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

I.

On February 11, 1993, a federal grand jury returned a three-count indictment against petitioner Bobby Hazel and co-defendant Homer Richards. Count one charged petitioner and Richards with the June 16, 1992 murder of Gregory Ford, in violation of 18 U.S.C. §§ 1111 and 2. The alleged murder occurred at the Lorton Correctional Facility in Occoquan, Virginia, where Hazel, Richards, and Ford were inmates. Counts two and three of the indictment charged petitioner and Richards, respectively, with possession of a dangerous weapon by a prisoner, in this case a shank, in violation of 18 U.S.C. § 13, assimilating Va. Code § 53.1-203(4). Petitioner and Richards were tried together and, after a two-day jury trial in May 1993, petitioner was found guilty of (i) first degree murder and (ii) possession of a dangerous weapon. The jury also convicted Richards of (i)

possession of a dangerous weapon and (ii) second degree murder, a lesser-included offense of the first degree murder charge.

At trial, the government presented testimony from thirteen witnesses, including key testimony from four inmates present at the time of the murder — Travis Cameron, Marshall Hollingsworth, David Basknight, and Thomas Dinsmore — all of whom implicated petitioner and Richards in the murder. Following the government's case, petitioner and Richards offered the testimony of twelve witnesses, including three inmates who offered alibi evidence and one inmate who testified that Cameron had told him that he (Cameron) intended to lie at trial regarding petitioner's and Richards' guilt. On July 16, 1993, after denial of petitioner's motion for judgment of acquittal or, in the alternative, for a new trial, petitioner was sentenced to life imprisonment on his convictions. Richards, in turn, was sentenced to 235 months imprisonment on July 30, 1993.

On July 23, 1993, petitioner filed a timely notice of appeal with the Court of Appeals for the Fourth Circuit. Thereafter, on November 26, 1993, and March 18, 1994, petitioner filed in this Court a second and third motion for a new trial based on alleged newly discovered evidence. Both motions were denied on the ground that the newly discovered evidence proffered by petitioner provided only additional impeachment evidence and would not likely have resulted in an acquittal had it been presented at trial. *See United States v. Hazel*, 1:93cr62 (E.D. Va. Dec. 17, 1993) (Order); *United States v. Hazel*, 1:93cr62 (E.D. Va. Mar. 21, 1994) (Order). Petitioner also filed timely notices of appeal from both denials of his motions for a new trial. All of petitioner's appeals were consolidated and, on August 16, 1994, the Fourth Circuit affirmed petitioner's conviction and ruled, *inter alia*, that the newly discovered evidence offered by petitioner was "merely additional impeachment of the testimony of Basknight, Cameron, and Hollingsworth," and thus did not compel a new trial. *See United States v. Hazel*, 33 F.3d 53 (Table), 1994 WL 440407, at *4 (4th Cir. Aug. 16, 1994), *cert.*

*denied*, 514 U.S. 1015 (1995).

On April 18, 1997, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel. Specifically, petitioner argued that his trial counsel had provided ineffective assistance because he (i) failed to investigate petitioner's case adequately, (ii) failed to call crucial witnesses at trial as a consequence of the inadequate investigation, (iii) failed to call witnesses to impeach important government witnesses and (iv) failed to impeach the government's witnesses by cross-examination. Petitioner attached to his § 2255 motion affidavits from nine individuals who stated that they would have offered testimony corroborating petitioner's alibi or impeaching the government's witnesses had they been asked to testify at petitioner's trial. On July 14, 1997, petitioner's § 2255 motion was denied on the ground that petitioner failed to show either (1) deficient performance on the part of counsel or (2) resulting prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hazel v. United States*, Criminal No. 93-62-A (E.D. Va. July 14, 1997) (Memorandum Opinion). The Fourth Circuit subsequently affirmed the denial of petitioner's § 2255 motion on December 11, 1997. *See United States v. Hazel*, 131 F.3d 137 (Table), 1997 WL 770508 (4th Cir. Dec. 11, 1997), *cert. denied*, 523 U.S. 1066 (1998).

On July 16, 1998, and September 4, 1998, the Fourth Circuit denied petitioner's motions for authorization to file a successive § 2255 motion in the district court pursuant to 28 U.S.C. § 2244. *See In re Hazel*, No. 98-584 (4th Cir. July 16, 1998) (Order); *In re Hazel*, No. 98-616 (4th Cir. Sept. 4, 1998) (Order). The following year, on March 23, 1999, petitioner filed a motion to reopen the criminal judgment under "extraordinary circumstances," which motion was promptly denied by Order dated March 25, 1999. *See United States v. Hazel*, 1:93cr62 (E.D. Va. Mar. 25, 1999) (Order) (finding frivolous petitioner's contention that the government engaged in *ex parte* communications

with petitioner's trial counsel). The Fourth Circuit subsequently affirmed this denial on July 15, 1999. *See United States v. Hazel*, 182 F.3d 910 (Table), 1999 WL 499618 (4th Cir. July 15, 1999). Thereafter, on May 9, 2000, petitioner filed a second motion to reopen the judgment. This time petitioner's motion to reopen was construed as a second or successive § 2255 motion, and the motion was summarily denied on the ground that petitioner had failed to obtain the required certification to file a successive § 2255 petition from the Fourth Circuit. *See United States v. Hazel,* 1:93cr62 (E.D. Va. May 16, 2000) (Memorandum Opinion and Order). Several months later, on November 29, 2000, the Fourth Circuit again denied petitioner's motion for authorization to file a successive § 2255 petition pursuant to 28 U.S.C. § 2244. *See In re Hazel*, No. 00-867 (4th Cir. Nov. 29, 2000) (Order).

After more than two years of silence, on January 17, 2003, petitioner filed yet another motion with the Fourth Circuit seeking authorization to submit a successive § 2255 petition, this time based on newly discovered evidence, namely the proffered testimony of Norman Jenkins, a Lorton inmate, who allegedly witnessed Ford's murder. In support of this motion, petitioner submitted Jenkins' affidavit in which Jenkins stated that he witnessed an argument between Ford, Basknight, Cameron, and Jeffrey Wells, another Lorton inmate, on June 16, 1992, that ultimately resulted in Cameron's murder of Ford. Jenkins further stated that he remained silent regarding his knowledge of the murder for over a decade until he met petitioner while the two were inmates at a federal prison in Florence, Colorado because he had been advised to do so by a correctional officer, Corporal Marie Williamson, with whom Jenkins was having a romantic relationship at the time of the murder. On February 20, 2003, the Fourth Circuit granted petitioner's motion and certified his successive petition. *See In re Bobby Hazel*, No. 03-109 (4th Cir. Feb. 20, 2003) (Order). As a consequence, on February 20, 2003, petitioner filed in the district court a motion to vacate, set aside, or correct his

4

sentence pursuant to § 2255, arguing therein that Jenkins' testimony, if offered at trial, would have resulted in petitioner's acquittal. In his reply to the government's opposition to the motion, petitioner also argued that relief should be granted because the government failed to disclose favorable evidence to the defense as required by *Brady v. Maryland*, 373 U.S. 83, thus denying petitioner a fair trial. Moreover, on November 24, 2003, petitioner filed a motion for leave to amend his § 2255 petition to include an additional claim of ineffective assistance of counsel, alleging specifically that trial counsel (i) failed to object to the government's reliance on theories during trial that were broader than what was charged in the indictment and (ii) failed to object to false testimony allegedly presented to the grand jury. Petitioner also filed in January 2004 a motion for discovery and a motion for an evidentiary hearing.

All of petitioner's motions, including his then-pending § 2255 motion, were denied by Order and Memorandum Opinion dated February 11, 2004. *See United States v. Hazel,* 1:93cr62 (E.D. Va. Feb. 11, 2004) (Order and Memorandum Opinion). Petitioner thereafter filed a motion to reconsider the February 11, 2004 decision, which was subsequently denied by Order dated March 9, 2004. *See United States v. Hazel,* 1:93cr62 (E.D. Va. Mar. 9, 2004) (Order). Petitioner appealed the dismissal of his § 2255 motion and denial of his motion for reconsideration to the Fourth Circuit and, on July 14, 2004, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. Hazel*, No. 04-6540 (4th Cir. July 14, 2004). Approximately two years later, petitioner filed with the Fourth Circuit yet another motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive § 2255 motion for relief, which motion was denied on June 13, 2006. *See In re Bobby Hazel*, No. 06-437 (4th Cir. June 13, 2006) (Order).

On April 6, 2007, petitioner filed two additional motions in this court. Petitioner's first motion requests recusal of this Court on the ground that the findings made in the February 11, 2004

5

ruling on his § 2255 motion reflected "bias and prejudice." This argument is entirely baseless and petitioner's motion for recusal must therefore be denied.[1] Petitioner's second motion — entitled "Independent Action to Have the Judgment in a Criminal Case or in the Alternative for Relief from the Order's [sic] Denying the Motion Pursuant to Title 28 U.S.C. Section § 2255 to be Reopening [sic]" — again contests his conviction and requests that the earlier § 2255 proceedings be reopened pursuant to Rule 60, Fed. R. Civ. P.

The Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (emphasis in original). Thus, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper" 60(b) motion. *Id*. In adopting this rule, the Fourth Circuit cautioned that "review of successive applications is available only in limited circumstances [and] [i]n order for these limitations to be effective courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *Id.* at 203.

These principles, applied here, compel the conclusion that petitioner's motion must be dismissed for lack of jurisdiction. *See id.* at 207. Indeed, where, as here, a petitioner essentially renews attacks on his conviction based on allegations raised, in part, in previously rejected post-

---

[1] *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (recognizing the well-settled principle that to be disqualifying, a court's bias or prejudice generally must stem from a source outside the judicial proceedings at hand and must result in an opinion on the merits on a basis other than that learned by the court from his or her participation in the matter).

conviction motions, the motion is tantamount to a successive application and must therefore be dismissed for lack of jurisdiction. *Id.* at 205, 207 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Petitioner's arguments to the contrary, including those pertaining to an alleged fraud having been committed on the Court in the course of the earlier proceedings, are both unsupported and unpersuasive.

## II.

Accordingly, for the foregoing reasons, and for good cause,

It is hereby **ORDERED** that petitioner's *pro se* motion for recusal of this Court is **DENIED**.

It is further **ORDERED** that petitioner's *pro se* "Independent Action to Have the Judgment in a Criminal Case or in the Alternative for Relief from the Order's [sic] Denying the Motion Pursuant to Title 28 U.S.C. Section § 2255 to be Reopening [sic]" is **DISMISSED**.

It is further **ORDERED** that petitioner's *pro se* motion for discovery, filed on May 7, 2007, is **DENIED**, there being no good cause for allowing additional discovery in this matter.

Should petitioner wish to appeal this Order he must do so within sixty (60) days pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.

/s/
_____

Alexandria, Virginia  
January 8, 2008

T. S. Ellis, III  
United States District Judge