```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division
```

UNITED STATES OF AMERICA,    )
                             )
           v.                )
                             ) 1:93cr62 (JCC)
                             )
BOBBY HAZEL,                 )
                             )
                             )
      Petitioner.            )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Bobby Hazel's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). [Dkt. 91.] Also before the Court are Petitioner's Motion for Discovery [Dkt. 97], Motion for Expert [Dkt. 98], Motion to Compel [Dkt. 99], "Motion to Enter Default Against the United States of America Pursuant to Federal Rules of Civil Procedure Rule 55 for Failing to Defend Against Claims Brought by Petitioner Pursuant to Title 28 U.S.C. Section 2255" (the "Motion for Default") [Dkt. 101], and "Motion to Hold the Court's Adjudication on the Petitioner Motion Under Title 28 U.S.C. Section 2255 Abeyance" [Dkt. 102]. For the following reasons, the Court will deny Petitioner's motions.

## I. Background

On February 11, 1993, a federal grand jury returned a three-count indictment against Petitioner and his co-defendant, Homer Richards, for the murder of their fellow prisoner, Gregory Ford, at Lorton Correctional Facility ("Lorton") in Virginia. Count One alleged a violation of 18 U.S.C. §§ 1111 and 1112 (murder); Counts Two and Three charged Hazel and Richards, respectively, with possession of a dangerous weapon by a prisoner (a shank), in violation of 18 U.S.C. § 13 (assimilating Va. Code § 53.1-203(4)).

Petitioner was convicted by a jury of first degree murder and possession of a dangerous weapon. Petitioner unsuccessfully moved for judgment of acquittal or, in the alternative, new trial. Petitioner was sentenced to life in prison on July 16, 1993.

Petitioner has since filed a significant number of additional motions, including three previous motions under § 2255. Presently before the Court is Petitioner's fourth § 2255 Motion. On September 11, 2012, Petitioner filed a motion with the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244 seeking authorization to file a successive § 2255 motion with the district court. On that same day, Petitioner filed the current § 2255 Motion with this Court, his fourth such motion. [Dkt. 91.] On September 26, 2012, the Fourth Circuit denied

Petitioner's motion under 28 U.S.C. § 2244. [Dkt. 94.] In light of this order, the Government filed its opposition to Petitioner's § 2255 Motion on October 5, 2012. [Dkt. 95.] Petitioner replied on October 16, 2012 [Dkt. 96] and filed an amended reply on October 18, 2012 [Dkt. 100].

Petitioner also filed a Motion for Discovery, a Motion for Expert and a Motion to Compel on October 16, 2012 [Dkts. 97, 98, 99], a Motion for Default on October 23, 2012 [Dkt. 101], and a "Motion to Hold the Court's Adjudication on the Petitioner Motion Under Title 28 U.S.C. Section 2255 Abeyance" [Dkt 102].

Petitioner's motions are now before the Court.

## II. Analysis

A. <u>§ 2255 Motion</u>

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Likewise, section 2255(h) provides that any successive § 2255 motions must be certified by court of appeals panel before it may proceed. In light of the Fourth Circuit's denial of Petitioner's § 2244 motion for a certificate of authorization, Petitioner's instant § 2255 Motion is barred as this Court is without jurisdiction to consider it.

B. Other Motions

The remaining motions before this Court all are founded on Petitioner's § 2255 Motion. First, given that this Court lacks jurisdiction to consider that motion, Petitioner has no pending case before this court which would grant this Court subject matter jurisdiction to enter discovery orders such as those as requested in Petitioner's Motion for Discovery, Motion for Expert, and Motion to Compel. *See United States v. Hargrove*, No. 3:07-cr-58, 2011 WL 938361, at *2 (N.D. W.Va. Mar. 16, 2011). Accordingly, the Court will deny these motions.

Second, due to this Court's conclusion on Petitioner's § 2255 Motion, Petitioner's "Motion to Hold the Court's Adjudication on the Petitioner Motion Under Title 28 U.S.C. Section 2255 Abeyance" is moot.

Finally, in his Motion for Default, Petitioner asserts that although the Government filed a response to his § 2255 Motion, the Government failed to follow this Court's September 19, 2012 Order. In that Order, this Court ordered the Government to respond to Petitioner's § 2255 Motion within twenty-three days from the date of its Order. [Dkt. 93.] Accordingly, the Government timely filed its opposition brief on October 5, 2012. [Dkt. 95.] Given that the Government complied with the Court's Order, and in light of the Court's conclusion that Petitioner's § 2255 Motion is barred as an unauthorized

successive petition, the Court will deny Petitioner's Motion for Default.

### III. Conclusion

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion, Motion for Discovery, Motion for Expert, Motion to Compel, Motion for Default, and "Motion to Hold the Court's Adjudication on the Petitioner Motion Under Title 28 U.S.C. Section 2255 Abeyance."

An appropriate Order will issue.

|   |   |
|---|---|
|   | /s/ |
| April 9, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |