IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:93cr62 |
| | ) | |
| BOBBY E. HAZEL, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Motions to Vacate under 28 U.S.C. § 2255 [Dkts. 123, 129] and Motions to Amend Petition [Dkts. 136, 141] filed by Petitioner Bobby E. Hazel.  Also before the Court is the United States' Motion to Dismiss Defendant's 2255 Petition [Dkt. 132].  For the reasons that follow, the Court will deny Petitioner's various Motions and grant the United States' Motion to Dismiss.

### I. Background

On February 11, 1993, a federal grand jury found Petitioner guilty of first degree murder in violation of 18 U.S.C. §§ 1111 and 2, as well as possession of a dangerous weapon by a prisoner in violation of 18 U.S.C. § 13.  First degree murder under 18 U.S.C. § 1111 carries a mandatory life sentence.  Accordingly, Petitioner was sentenced to life in prison on July 16, 1993.  Petitioner subsequently moved for a new trial, the Court denied Petitioner's motion, and the Fourth

Circuit affirmed.  *See United States v. Hazel*, 33 F.3d 53 (4th Cir. 1994) (per curiam).

Petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 18, 1997.  On July 14, 1997, the Court denied that motion.  Petitioner has since filed several successive motions under 28 U.S.C. 2255, all of which the Court has denied.  The Fourth Circuit authorized Petitioner to file the instant Petition, his fifth, with this Court on October 11, 2016.

## II. Analysis

Petitioner primarily challenges his sentence based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague.  Petitioner, however, was not sentenced under the Armed Career Criminal Act.  Rather, Petitioner seeks to apply *Johnson*'s holding to a separate statute, 18 U.S.C. § 3559, as well as to the U.S. Sentencing Guidelines.

Petitioner first contends that the Supreme Court's decision in *Johnson* casts doubt on the constitutionality of 18 U.S.C. § 3559(c)(2)(F)(ii), which includes language similar to the residual clause *Johnson* invalidated.  This similarity, however, does not call the legitimacy of Petitioner's sentence

2

into question.  The record reflects that Petitioner's life sentence did not result from any provision of 18 U.S.C. § 3559.  Rather, Petitioner was convicted and sentenced under 18 U.S.C. § 1111, which carries a mandatory life sentence.  At the time of sentencing, the Court expressly noted that this was the reason for Petitioner's life sentence.  *See* U.S. Exh. 2 [Dkt. 132-2].  To the extent that Petitioner's concurrent sentence of five years under 18 U.S.C. § 13 might have been influenced by 18 U.S.C. § 3559, this constituted harmless error, as that sentence was subsumed by Petitioner's mandatory life sentence under 18 U.S.C. § 1111.  *See United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (noting that a petitioner under § 2255 bears the burden of showing that the alleged error caused the petitioner prejudice).

Similarly, Petitioner cites *Johnson* to challenge his sentence insofar as he was designated a "career offender" under U.S. Sentencing Guidelines § 4B1.2(1).  At the time of Petitioner's sentencing, this portion of the Guidelines incorporated language similar to that invalidated in *Johnson. See In re Hubbard*, 825 F.3d 225, 230 (4th Cir. 2016).  But again, Petitioner's life sentence did not result from any enhancement under the Guidelines, but rather from the mandatory sentence imposed by 18 U.S.C. § 1111.  Moreover, conviction under 18 U.S.C. § 1111 automatically results in a base offense

3

level of 43 under the Sentencing Guidelines, meaning that Guidelines would have recommended life in prison whether or not Petitioner was classified as a "career offender." *See* U.S.S.G § 2A1.1. Finally, and perhaps most importantly, Petitioner's argument is squarely foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that *Johnson* does not apply to the U.S. Sentencing Guidelines. *See id.* at 892 ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause.").

Petitioner's memoranda raise further arguments that fall outside of the scope of his initial Petition. As an initial matter, Petitioner may not raise these arguments without seeking leave of the Court to amend his Petition. *See United States v. MacDonald*, 641 F.3d 596, 616 (4th Cir. 2011). Regardless, Petitioner's additional arguments are meritless.

Petitioner contends first that he was "sentenced under the wrong statute," and that he should have been sentenced under 18 U.S.C. § 1118 rather than 18 U.S.C. § 1111. Pet. Rep. [Dkt. 135] at 4 n.2. The basis for this argument is unclear. Plaintiff was tried and convicted under 18 U.S.C. § 1111. *See See* U.S. Exh. 2 [Dkt. 132-2]. It was therefore manifestly correct and proper that Petitioner be sentenced under that statutory provision. Relatedly, Petitioner claims that he "received ineffective assistance of counsel" because he should

4

have been sentenced under a different guidelines range and statute. Rep. [Dkt. 135] at 6. Again, Petitioner was properly sentenced under 18 U.S.C. § 1111, and received precisely the sentence dictated by that statute.

Petitioner has also filed two Motions to Amend his Petition [Dkt. 136, 141]. The first appears to argue that the Supreme Court's decision in *Johnson* calls into question the constitutionality of 18 U.S.C. § 1111(a) insofar as it defines first degree murder as killing "with malice aforethought." Petitioner characterizes this as a "residual clause" that *Johnson* "may effect." Mot. to Amend [Dkt. 136] at 3. "Malice aforethought," however, is not a residual clause, but rather the *mens rea* requirement for first degree murder under 18 U.S.C. § 1111. *Johnson* has no apparent bearing on this venerable requirement.

Petitioner appears to argue further that murder under 18 U.S.C. § 1111 is not necessarily a "crime of violence" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), as that term was interpreted in *Johnson*. This has little bearing on Petitioner's sentence, as Petitioner was not sentenced under the Armed Career Criminal Act.

Finally, Petitioner's second Motion to Amend Petition [Dkt. 141] points out that, at trial, the jury was presented with two potential motives for Petitioner's crime. Because it

5

is not clear what motive the jury accepted in finding Petitioner guilty, Petitioner argues that it is unclear whether the jury effectively determined that he acted with malice aforethought under 18 U.S.C. § 1111(a).  The Court is not persuaded.  The proffered "motives" for Petitioner's crime, as described in Petitioner's Motion, do not appear to be mutually exclusive, as Petitioner claims.  Moreover, both "motives" appear fully capable of supporting a finding of malice aforethought, as both were reasons the jury could have found for Petitioner's deliberate decision to kill another human being.  *See United States v. Medina-Garcia*, 226 F. App'x 281, 286 (4th Cir. 2007).  Although it might not be entirely clear whether the jury found Petitioner to have committed murder because the victim owed him money or because the victim betrayed his confidence, Petitioner's argument casts no doubt on the validity of his conviction and sentence.

### III. Conclusion

For the foregoing reasons, the Court will deny Petitioner's various Motions [Dkts. 123, 129, 136, 141] and grant the United States' Motion to Dismiss Defendant's 2255 Petition [Dkt. 132].  An appropriate order will issue.

June 16, 2017  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE